UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANGELA LAUREN FRETZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-3053 (UNA) |
| | ) | |
| JOE BIDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Plaintiff airs several grievances against the current President of the United States and his administration. For example, she alleges that defendants violated the First Amendment to the United States Constitution by ordering that federal government employees receive COVID-19 vaccinations, *see* Compl. at 3, and by committing "treason, espionage, criminal negligence, obstruction of justice, [and] criminal homicide" when they "stopped construction of the US/Mexico Border Wall," *id.* at 4. Plaintiff demands that defendants be removed from office. *See id.*

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Missing from the complaint are any factual allegations establishing that plaintiff sustained (or is likely to sustain) an injury resulting from defendants' actions. "[A] plaintiff raising only a generally available grievance about government—claiming only harm to [her] and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. Because plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over her claims.

The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). An Order consistent with this Memorandum Opinion is issued separately.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: November 22, 2021